# IN THE COURT OF APPEALS OF IOWA

No. 17-1781
Filed February 7, 2018

**IN THE INTEREST OF D.H.-W.,**
**Minor Child,**

**M.H., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Buena Vista County, Mary L. McCollum Timko, Associate Juvenile Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Kara L. Minnihan of Minnihan Law Firm, Onawa, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Lisa K. Mazurek of Miller, Miller, Miller, P.C., Cherokee, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A mother appeals the termination of her parental rights.[1]  We find the termination was supported by clear and convincing evidence and termination is in the best interest of the child.  We affirm the juvenile court.

## I.  Background Facts and Proceedings

D.H.-W. was born in 2014.  D.H.-W.'s siblings, born in 1996 and 2006, were previously adjudicated as Children in Need of Assistance (CINA) and removed from the mother's care in response to substance-abuse issues, domestic-violence concerns, and the mother's inability to maintain stable employment and housing.  The mother's parental rights to the older children were not terminated.  However, while pregnant with D.H.-W. the mother continued to use controlled substances.  After D.H.-W.'s birth, domestic violence returned to the mother's home.  D.H.-W.'s father was charged with two counts of domestic abuse assault and harassment in the first degree.

A CINA petition was filed December 22, 2015, concerning D.H.-W. due to domestic violence and substance abuse.  Prior to the CINA hearing, the mother, grandmother, and the mother's adult child were arrested and charged with delivery of prescription drugs.   During the drug buy, D.H.-W. was in the care of a friend with a lengthy criminal history, including charges of domestic abuse.  It was also determined that during previous drug buys, D.H.-W. was present in the vehicle.

D.H.-W. was adjudicated CINA in February 2016.  The mother scheduled a substance-abuse evaluation and therapy.  D.H.-W. was placed in foster care as

---

[1] D.H.-W.'s father's parental rights were also terminated.  He has not appealed.

neither parent was able to care for the child. The mother began supervised visitation. At a permanency review hearing, the mother showed improvement. She was cooperative with treatment, was working part-time, and had begun to remove herself from individuals who triggered her substance-abuse issues. The mother consistently attended family treatment court. When safety issues at her home were pointed out, the mother showed commitment to addressing those problems, and she showed interest in learning to meet D.H.-W.'s needs. The mother actively engaged with D.H.-W. during visits and showed a strong bond with the child. Seeing the significant improvement made by the mother, the juvenile court allowed the mother an additional six months to work towards reunification.

The juvenile court set a hearing for modification of permanency for April 4, 2017. At the time of the hearing, the mother had finally secured an apartment, but had not fully moved in. The juvenile court expressed concern regarding the mother's unhealthy relationships with her mother and her adult child, as the three would often use illegal substances together. However, the mother no longer suffered from chronic pain, owned her own vehicle, and had a valid driver's license.

The termination hearing was held July 20. Earlier in the month, the mother went camping with her two older children, her father and mother, and her brother and sister-in-law. The mother had previously identified her sister-in-law as a negative person she should not associate with. During the trip, illegal substances were used although the mother claims she did not partake. A fight

between the mother's adult child and the sister-in-law broke out, but the mother did not take her younger child and leave even though she was able.

Additionally, after the camping trip the mother helped her adult child move. During the move the child and a friend taunted her and encouraged her to smoke marijuana. Unable to withstand the pressure, the mother gave in and smoked. The juvenile court terminated the mother's parental rights pursuant to Iowa Code sections 232.116(1)(d), (h), and (*l*) (2017), on October 20, 2017. The mother now appeals.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(h).

The mother only contests Iowa Code section 232.116(1)(h)(4), requiring the child be able to be returned at the time of the termination hearing. The mother claims she made significant progress in addressing the underlying issues. She had obtained temporary employment with the possibility of a more stable and permanent job, maintained her own apartment, decreased her involvement with negative people, remained sober for over one year, and was complying with the terms of her probation.

The mother has made progress in addressing many of the initial concerns in this case. However, the mother has often regressed or failed to maintain her progress. She touts her sobriety yet was goaded into smoking marijuana by her adult child. She points out her independent housing but took more than a year to secure her apartment, delayed moving in, and the juvenile court expressed concern she continued to reside at her mother's home. The mother also states she has reduced her interactions with negative people in her life; however, at the time of the termination hearing she continued to associate with the two most negative people in her life, her adult son and her mother. A parent's past performance indicates future action. *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) (citations omitted).

The mother has shown she understands what she needs to do in order to be reunited with her child. She has shown she is capable of doing those things. However, she has also shown she cannot or will not maintain the progress she has made. We find D.H.-W. could not be returned to the mother at the time of termination.

**IV. Best Interests**

The mother also claims termination is not in the best interests of D.H.-W. After finding a ground for termination exists we are to "consider the factors under section 232.116(2). Section 232.116(2) requires us to give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (internal quotation marks and citations omitted).

We find D.H.-W.'s best interests are served by termination. The mother has not made sufficient progress in addressing the underlying issues in this case. Additionally, the foster home D.H.-W. is currently in has made significant progress in addressing in the child's developmental issues. The stability and nurturing D.H.-W. will continue to receive far outweighs the short-term uncertainty. Termination is in the best interests of the child.

**V. Exceptions**

Finally, the mother claims her bond with D.H.-W. is so strong as to preclude termination. The juvenile court may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

The mother claims D.H.-W. "is very bonded to her, he loves her, and he knows that she is his mother." While this emotional bond certainly exists and termination will cause some emotional distress for D.H.-W., we find the increased

stability in a home capable and willing to care for him outweighs the temporary distress of termination.  We therefore affirm the juvenile court.

**AFFIRMED.**